UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| HENRY H. RILEY,<br>    PLAINTIFF,<br><br>v.<br><br>UNITED COLLECTION BUREAU,<br>INC.<br><br>And<br><br>LVNV FUNDING, LLC<br>    DEFENDANTS. | CASE #: 3:22CV30<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**COMES NOW** the Plaintiff, by counsel, and for his Complaint against the Defendants United Collection Bureau, Inc. and LVNV Funding, LLC, respectfully says as follows:

## PRELIMINARY STATEMENT

This is an action for actual and statutory damages brought by Plaintiff, Henry H. Riley, an individual consumer, against Defendants, United Collection Bureau, Inc. and LVNV Funding, LLC, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices and against defendant LVNV Funding, LLC for violations of the Fair Credit Reporting Act, 15 U.S.C. §§1681-1681x which prohibits false and misleading credit files.

## JURISDICTION, VENUE, and JURY DEMAND

1. This court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. Venue is properly laid in this jurisdiction pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1391(b) and (c).

4. The actions complained of occurred primarily, if not exclusively, in the Eastern District of Virginia, the Defendants transact business here, and should expect to be hailed into this court.

5. **TRIAL BY JURY IS HEREBY DEMANDED FOR ALL MATTERS SO TRIABLE**. *See* Fed. R. Civ. P. 38 and U.S. Const. amend. VII.

## PARTIES

6. Plaintiff, Henry H. Riley ("Plaintiff") is a natural person and resides in Virginia.

7. Plaintiff falls within the definition of a consumer pursuant to 15 U.S.C. § 1692a(3).

8. Defendant, United Collection Bureau, Inc. (hereinafter "UCB"), is an Ohio Corporation, engaged in the business of regularly collecting debts in this Commonwealth, with its principal place of business located at 5620 SOUTHWYCK BLVD, TOLEDO, OH 43614, registered to do business in Virginia with the State Corporation Commission.

9. Defendant LVNV Funding, LLC (hereinafter "LVNV"), is a Virginia Corporation, engaged in the business of regularly collecting debts in this Commonwealth, with its principal place of business located at 780 LYNNHAVEN PARKWAY, SUITE 220, VIRGINIA BEACH, VA, 23452, registered to do business in Virginia with the State Corporation Commission.

10. The principal business of UCB is the collection of debts.

11. The principal business of LVNV is the collection of debts.

12. UCB regularly attempts to collect consumer debts alleged due to another.

13. LVNV regularly attempts to collect consumer debts alleged due to another.

14. UCB is engaged in the collection of debts from consumers using the mails and telephone.

15. LVNV is engaged in the collection of debts from consumers using the mails and telephone.

16. UCB is a "debt collector" as defined by the FDCPA 15 U.S.C. § 1692a(6).

17. LVNV is a "debt collector" as defined by the FDCPA 15 U.S.C. § 1692a(6).

18. LVNV is a furnisher of information to Equifax, TransUnion and Experian for purposes of the Fair Credit Reporting Act, 15 U.S.C. §1681.

## FACTS AS TO UNFAIR DEBT COLLECTION ACTIONS

19. Plaintiff was the victim of fraud starting in about 2015.

20. An unknown person used an account with Synchrony Bank, not a party to this case, racking up charges in excess of $100,000 (one hundred thousand dollars). That person was not the plaintiff and not authorized by plaintiff to do so.

21. On information and belief, the account was a "Banana Republic" VISA card, a branded card owned by Synchrony Bank.

22. The account was used during a period of time that the plaintiff was overseas. On information and belief, the statements were sent to an address in California, where the plaintiff has never lived or received mail.

23. Upon discovering that the account existed and was severely in default, plaintiff contacted Synchrony to advise them of the fraud. Plaintiff provided a number of documents to Synchrony directly.

24. Synchrony has since then, referred the account to at least 2 debt collectors.

25. On or about April 7, 2021, Resurgent Capital Services, not a party to this case, on behalf of LVNV Funding, LLC sent an acknowledgement of dispute of the debt. See Plaintiff's Exhibit "A" – Acknowledgement letter from Resurgent dated April 7, 2021.

26. Synchrony was sued by the Plaintiff for their violations of the Fair Credit Reporting Act in case number 3:21-cv-125-DJN.

27. On or about August 12, 2021, UCB sent a collections letter collecting on behalf of LVNV to Plaintiff at the address of Plaintiff's counsel. See Plaintiff's Exhibit "B" – Collection letter dated August 12, 2021.

28. On or about August 19, 2021, counsel for the Plaintiff called UCB and informed them of representation of the Plaintiff.

29. On or about August 20, 2021, counsel for the Plaintiff sent a letter by fax to UCB again stating that Plaintiff is represented by counsel. See Plaintiff's Exhibit "C" – Fax from counsel for Plaintiff.

30. On or about October 1, 2021, at approximately 3:32 pm EST, Plaintiff received a call from UCB and UCB left a voicemail to contact. See Plaintiff's Exhibit "D" – transcript of voicemail. UCB was collecting for LVNV.

31. On or about October 4, 2021, at approximately 12:04 pm EST, Plaintiff received a call from UCB and UCB left a voicemail to contact. See Plaintiff's Exhibit "E" – transcript of voicemail. UCB was collecting for LVNV.

32. LVNV hired UCB to collect the alleged debt and has liability because of *respondeat superior*.

33. UCB was an agent of LVNV. UCB was acting within the scope and authority of LVNV at the direction of LVNV.

34. On or about October 4, 2021, at approximately 4:02 pm EST Plaintiff called his counsel in distress that UCB had called and left a voicemail.

35. Plaintiff suffered mental and emotional distress damages as a result of the actions of the defendants which resulted in physical impact which was observed by the plaintiffs significant other.

## FACTS AS TO FALSE CREDIT REPORTING

## AS TO LVNV FUNDING, LLC ONLY

36. Plaintiff restates and reallges paragraphs 1-35 as above.

37. In October 2021, TransUnion, LLC, a Consumer Reporting Agency as defined by the Fair Credit Reporting Act, (not a party herein) transmitted an ACDV (Automated Consumer Dispute Verification) to LVNV and forwarded all relevant information.

38. LVNV verified that the money was owed, again, failing to conduct a reasonable reinvestigation of the account.

39. On information and belief, LVNV failed and refused, even when presented with all of the documents that evidenced that the account was fraudulent, to modify or delete the account.

40. As a result of the actions and inactions of LVNV, plaintiff suffered damages, including but not limited to, mental and emotional distress, fear and being chilled from applying for credit.

## COUNT ONE:
## Violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p

## AS TO UNITED COLLECTION BUREAU, INC AND LVNV FUNDING, LLC

41. Plaintiff restates and re-alleges all previous paragraphs herein.

42. UCB has violated the FDCPA 15 U.S.C. § 1692 in the following manner:

    a. Defendant has violated the FDCPA 15 U.S.C. § 1692c(a)(2), in that they communicated with a person known to be represented by counsel.

    b. Defendant has violated the FDCPA 15 U.S.C. § 1692d, in that used abusive and harassing actions in the collection of a consumer debt.

    c. Defendant has violated the FDCPA 15 U.S.C. § 1692e(2)(a), in that it falsely stated the amounts due, in the collection of a consumer debt.

    d. Defendant has violated the FDCPA 15 U.S.C. § 1692f, in that it used unfair or unconscionable means to collect the alleged debt by sending the dunning letter in hopes that Plaintiff would pay.

    e. Defendant has violated the FDCPA 15 U.S.C. § 1692g(b), in that it made demand for payment after receiving notice that the debt was disputed, but before providing validation of the debt.

43. LVNV has violated the FDCPA 15 U.S.C. § 1692 by employing a collector who engaged in abusive and inappropriate collection tactics, and is responsible for the actions of their disclosed agent as if they had done the actions themselves.

44. Plaintiff is entitled to statutory damages, actual damages, attorney fees, and costs, pursuant to 15 U.S.C. § 1692k(a).

**COUNT TWO**
**AS TO LVNV FUNDING, LLC, ONLY**
**VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 USC 1681s-2[b]**

45. Plaintiff restates and realleges all previous paragraphs herein.

46. Defendant has violated violated 15 U.S.C. §1681s-2[b][1][A] in that they failed to conduct a reasonable reinvestigation of the factual inaccuracies contained in Plaintiff's credit file.

47. Defendant has violated 15 U.S.C. §1681s-2[b][1][B] in that they failed to review all relevant information provided by Equifax, TransUnion or Experian.

48. Defendant has violated 15 U.S.C. §1681s-2[b][1][E] in that they failed to delete information that was inaccurate or could not be verified.

49. Defendant has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to the Plaintiff.

50. Defendant has done so either negligently or willfully.

51. Plaintiff is entitled to actual damages, punitive damages, attorney fees and costs pursuant to 15 U.S.C. §1681n.

52. Alternatively, Plaintiff is entitled to actual damages, attorney fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o

**WHEREFORE**, the Plaintiff by Counsel, respectfully requests this court to enter judgment on his behalf for violations of the Fair Debt Collection Practices Act for statutory damages, actual damages, attorney fees, and costs and on his behalf for violations of the Fair Credit Reporting Act for actual damages, punitive damages, attorney fees and costs.

**HENRY H. RILEY**

<u>/s/ Jason M. Krumbein, Esq.</u>
by: Jason M. Krumbein, Esq. VSBN 43538
JKrumbein@KrumbeinLaw.com
Krumbein Consumer Legal Services, Inc.
Counsel for Plaintiff
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792 phone
804.823.2565 fax